## JOHN RICE 2d *vs.* RUFUS WESSON, Jr.

The provision in *St.* 1839, *c.* 121, § 2, that " on any promissory note payable on demand, a demand made at or before the expiration of sixty days from the date thereof shall be deemed to be made within a reasonable time, and shall authorize the holder of such note to give notice of the dishonor thereof to the indorser," does not apply to such note, when it is indorsed after sixty days from its date have elapsed; and *it seems* that, in such case, a demand on the maker is within a reasonable time, if made not later than at the expiration of sixty days from the time of the indorsement of the note.

To charge an indorser of a note payable on demand, the indorsee must give him notice of non-payment upon the first demand on the maker, although such demand was made at an earlier day than was necessary in order to render the indorser liable on his indorsement, and although the indorsee gives the indorser notice of non-payment upon a second demand on the maker, which would have been in season to charge the indorser, if no previous demand had been made.

ASSUMPSIT by the indorsee against the indorser of a promissory note for $47, dated March 8th 1845, signed by A. S. Wetherell, and payable to the defendant, or order, on demand with interest.

The case was submitted to the court on the following agreed statement of facts: " On the 28th of May 1845, the defendant, being indebted to the plaintiff for leather, in the sum of $92·57, requested the plaintiff to take the said note for a part of said sum. The plaintiff said he knew nothing of the maker, but would do it, if the defendant would indorse the note. The defendant accordingly then indorsed and delivered the note to the plaintiff, and paid him the balance of said sum in cash. On the 26th of June 1845, the plaintiff sent the note to Wetherell, the maker, who was then in

business, and requested payment, presenting the note. The maker requested a delay of two weeks of the person by whom the plaintiff sent the note for presentment, and the said agent took back the note to the plaintiff. On the 1st of July 1845, the maker petitioned for the benefit of the insolvent law. On the 14th of July 1845, the plaintiff demanded payment of the note of the maker, which was refused ; and the plaintiff gave notice to the defendant, on the same day ; but the defendant declined paying the amount of the note."

*Hartshorn*, for the plaintiff. The *St.* of 1839, *c.* 121, § 2, provides that no presentment to the promisor, and demand on him of payment, of a note payable on demand, shall be deemed to be made within a reasonable time, so as to charge the indorser, unless made on or before the last of the sixty days from the date of the note, without grace. And, by § 3, the indorsers of notes made payable on demand are to be held "liable, upon due and seasonable notice, given according to the rules of law, of the dishonor of such notes, in the same manner as upon the dishonor of notes made payable at a fixed time." But the note now in suit was not indorsed till after the sixty days from its date had elapsed ; so that it was impossible to comply literally with the statute. The case stands, therefore, like that of any other note indorsed after it is dishonored ; that is, demand and notice within a reasonable time are necessary. Bayley on Bills, (2d Amer. ed.) 196. *Van Hoesen* v. *Van Alstyne*, 3 Wend. 75. *M'Kinney* v. *Crawford*, 8 S. & R. 351. The note is to be regarded as if given upon demand on the day when the indorsement was made ; and the demand was therefore seasonable. Less strictness, as to notice, is required, in case of notes taken for a preëxisting debt, than in other cases. *Gallagher* v. *Roberts*, 2 Wash. C. C. 191.

*G. Parker*, for the defendant. Notice must be given in the same manner, upon indorsement of a dishonored note, as upon notes indorsed before they are due, however it may be as to demand. *Field* v. *Nickerson*, 13 Mass. 131. The demand, in the present instance, was not, under the circumstances

34*

of the case, within a reasonable time. Besides; when the demand was first made, the maker requested delay, which was given; and no notice was given to the defendant till after the second presentment. This delay, and the omission to give notice of non-payment on the first presentment, discharged the defendant.

The decision was made at October term 1847.

DEWEY, J. This note not having been indorsed until more than sixty days had elapsed after its execution by the maker, the case does not fall within the letter of the provisions of *St.* 1839, *c.* 121, § 2. It being thus indorsed when overdue, in order to charge the indorser, a demand should have been made on the maker within a reasonable time, and due notice given to the indorser. The legislature having prescribed sixty days from its date as a reasonable time for making a demand, when the note is payable on demand, we think a similar period of time after the transfer of the note, and indorsement thereof, might be properly adopted as a reasonable time for making the demand, when such note is negotiated, after the expiration of more than sixty days from its date. Supposing this to be so, then a demand on the 14th of July 1845 would have been seasonable, and might be relied on as a legal demand; and due notice of that demand having been given to the indorsers, the plaintiff would be entitled to maintain his action, unless the other facts stated in the case constitute a good defence.

The plaintiff became the owner of this note on the 28th of May 1845, and it was indorsed by the defendant on that day. It was then due by its terms, and it was competent for the plaintiff to make a demand on the maker for payment of the same. On the 26th of June 1845, the plaintiff did make such demand. It was strictly a legal demand. The note was presented to the maker, and payment thereof requested. Of this demand, and the neglect of the maker to pay the same, the plaintiff gave the indorser no notice. This was a neglect of duty on the part of the holder of the note, and such laches as to discharge the indorser. It is no

sufficient excuse for this neglect to give notice of the demand and refusal to pay, that the maker requested a delay of two weeks. Nor will it avail the plaintiff, that he was not required by law to make any demand until July 14th, or even a later period. He was not bound to make so early a demand; but having made it, and the note having been dishonored, he was bound to give notice thereof to the indorser.

A similar rule prevails in reference to bills of exchange payable at a future day. The drawee is not bound to present them for acceptance before maturity; but if he does so present them, and they are dishonored, and not accepted, he must give due notice of such presentment and refusal to accept. Bayley on Bills, (2d Amer. ed.) 213. The result is, therefore, that judgment must be entered for the defendant.